IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

EDWARD L. PORTER,               §
TDCJ No. 2247886,               §
                                §
          Plaintiff,            §
                                §
V.                              §        No. 3:20-cv-3484-K-BN
                                §
SHARITA BLACKNALL, ET AL.,      §
                                §
          Defendants.           §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Edward L. Porter, a Texas prisoner, brings this *pro se* civil rights action against his former attorney, a state court of appeals justice, and court personnel. *See* Dkt. No. 3. And his case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

> Edward Lamar Porter was indicted on a charge of aggravated robbery with a deadly weapon. Following a four-day trial in which appellant represented himself, a jury convicted him of the lesser included offense of aggravated assault with a deadly weapon. The trial court assessed punishment, enhanced by a prior felony offense, at ten years in prison.
> The trial court appointed an attorney to represent appellant on appeal. Appellant's appointed counsel filed an *Anders* brief on his behalf, representing that she had "diligently reviewed the entire record and the law applicable thereto and, in her opinion, the appeal is without merit and wholly frivolous in that the record reflects no reversible error."

*Porter v. State*, No. 05-19-00194-CR, 2020 WL 4592830, at *1 (Tex. App. – Dallas Aug. 11, 2020).

On August 11, 2020, the Dallas Court of Appeals "str[uck] the *Anders* brief

filed by [his] appointed attorney and remove[d] the attorney from [the] appeal." *Id.* at *2 (citations omitted). The Court of Appeals then "abate[d] the case [to allow] the trial court [to] appoint new appellate counsel to represent [Porter]." *Id.* Porter's direct appeal remains pending. *See* Texas Fifth Court of Appeals, Docket for Case: 05-19-00194-CR, http://search.txcourts.gov/Case.aspx?cn=05-19-00194-CR&coa=coa05 (last visited Dec. 4, 2020).

Underlying Porter's current claims under 42 U.S.C. § 1983 are conclusory allegations that his former counsel on appeal, a court reporter, the clerk of an intermediate state court of appeals, and the chief justice of that court have conspired to deny him of a fair trial. *See* Dkt. No. 3 at 3-4.

Under the Prison Litigation Reform Act, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Under this obligation, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action with prejudice.

First, Porter's conviction is not final, as "[t]he Texas Court of Criminal Appeals has 'repeatedly held that a judgment of conviction is not final while the conviction is on appeal.'" *Bean v. Alcorta*, 220 F. Supp. 3d 772, 776 (W.D. Tex. 2016) (quoting *Lundgren v. State*, 434 S.W.3d 594, 598 (Tex. Crim. App. 2014)). This implicates

*Younger v. Harris*, 401 U.S. 37 (1971).[1]

Section 1983 "is an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)). But this provision of federal law "does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" *Id.* (quoting *Mitchum*, 407 U.S. at 243; citing *Younger*, 401 U.S. at 43-47).

Under *Younger*, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. *Younger* abstention "applies only to three exceptional categories of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and pending civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions." *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989)); internal quotation marks omitted).

---

[1] *Cf. Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) (per curiam) ("The Harris County District Clerk website indicates that Hopkins was convicted of aggravated sexual assault of an elderly or disabled victim on March 8, 2019. Hopkins's appeal is currently pending in state court. Accordingly, the district court's *Heck* ruling was premature, and the court should have stayed Hopkins's § 1983 lawsuit until his pending criminal case was resolved.").

The doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

But *Younger* abstention "applies only where there is 'no question that [a complaint] allege[s] injuries under federal law sufficient to justify the District Court's retention of jurisdiction.'" *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (per curiam) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988); citing *Marts v. Hines*, 68 F.3d 134, 135 & n.5 (5th Cir. 1995); citation omitted). And the United States Court of Appeals for the Fifth Circuit has "interpreted this limitation to mean that a stay is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915." *Id.* at 520 (collecting cases).

For the reasons explained below, the Court need not stay its consideration of Porter's current civil claims as asserted against the named defendants.

First, as to the state court of appeals justice who Porter has sued, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v.*

*Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Likewise, court clerks and similar judicial personnel "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. June 1981)). This quasi-judicial immunity extends to deputy clerks of court when they act as "explicitly commanded by a court decree or by the judge's instructions." *Id.* at 682. And the Fifth Circuit has extended this doctrine to clerks of court who act under the directives and orders of the court. *See Small v. Dallas Cnty.*, 170 F. App'x 943, 944 (5th Cir. 2006) (per

curiam).

While Porter asserts no facts to show that a state judicial officer or state court official or employee acted outside a judicial capacity, he does allege that a conspiracy existed between these defendants and his appointed appellate counsel.

But Porter's conspiracy allegations are merely conclusory – they do not include facts material enough to "state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Brinkmann v. Johnston*, 793 F.2d 111, 112-13 (5th Cir. 1986) (per curiam) ("In *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982), we held that 'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983."); *see also, e.g.*, *Cox v. City of New Rochelle*, No. 17-CV-8193 (KMK), 2019 WL 3778735, at *6 (S.D.N.Y. Aug. 12, 2019) ("[T]hin allegations … do not plausibly suggest that there existed an agreement, whether 'express or tacit,' between the Private Defendants and the State Defendants to violate Plaintiff's civil rights. A conspiracy claim requires 'some factual basis supporting a meeting of the minds.'" (citing *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003); then quoting *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 208 (S.D.N.Y. 2013))); *Nader v. McAuliff*, 593 F. Supp. 2d 95, 103 (D.D.C. 2009) (Plaintiffs fail to "'identify any facts that are suggestive enough to render a ... conspiracy plausible.' As a result, the court rejects the plaintiffs' assertion that the defendants acted in concert with state actors." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007))); *Chadbrown v. Coles*, No. 2:11-cv-00145-GZS, 2011 WL 5325610 (D. Me. Nov. 2, 2011) ("To progress with this suit Chadbrown

must allege a 'plausible suggestion of conspiracy' between Coles[, a private actor and the only defendant,] and the various state actors mentioned in her complaint. 'Agreement may be inferred from circumstantial evidence, but only if it is sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives.' (quoting *Twombly*, 550 U.S. at 566, then *Green v. Benden*, 281 F.3d 661, 665-66 (7th Cir. 2002); citations and emphasis omitted)), *rec. aff'd*, 2011 WL 6181223 (D. Me. Dec. 13, 2011).

Porter's conclusory conspiracy allegations are therefore also insufficient to plausibly allege the requisite state action to bring a claim against his former appellate counsel. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983."); *cf. Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016) (per curiam) ("The district court properly concluded that Sellers's defense attorneys were not state actors." (citing *Dodson*, 454 U.S. at 317-18)).

Accordingly, Porter's claims should be dismissed with prejudice.

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 7, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE